Shaw v Golowa (2020 NY Slip Op 07477)





Shaw v Golowa


2020 NY Slip Op 07477


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Index No. 25342/14E Appeal No. 12612 Case No. 2019-03272 

[*1]Makeda Shaw Individually and as Administratrix of the Estate of Donovan Shaw, Plaintiff-Respondent,
v
Yosef S. Golowa, M.D., et al., Defendants-Appellants, Rajesh Bhavsar, M.D., et al., Defendants.


Kaufman Borgeest & Ryan LLP, Valhalla (David Bloom of counsel), for appellants.
The Gucciardo Law Firm, PLLC, Mineola (Paul L. LaClair of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered July 12, 2019, which, insofar as appealed from as limited by the briefs, denied defendants Yosef S. Golowa, M.D., Montefiore Medical Center, and Montefiore Medical Group's motion for summary judgment dismissing the medical malpractice and wrongful death claims, unanimously affirmed, without costs.
Plaintiff claims that the decedent died as a result of internal bleeding caused by defendants' negligent laceration of his anterior abdominal wall during a transjugular liver biopsy. The sole issue in dispute is whether defendants caused the lacerations. We find that issues of fact exist sufficient to preclude summary judgment.
The parties' experts offer conflicting opinions with respect to the distance between the section of the liver that was biopsied and the lacerations on the stomach; the consistency of the lacerations with injury from a biopsy needle; the significance of the facts that the liver capsule was intact, that it had an oval defect and an old hematoma but no evidence of recent injury or bleeding, and that only liver tissue was detected in the biopsy samples; the significance of the absence of evidence of immediate abdominal bleeding and viability of a tamponade; and the viability of various alternative explanations for the bleeding. It is not possible to determine as a matter of law which experts' opinions are correct.
The fact that the autopsy report listed the manner of death as "therapeutic complication" and the cause of death as "hemorrhagic complications following elective transjugular liver biopsy" is not dispositive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020